1  Alan R. Brayton, Esq., State Bar No. 73685
2  David R. Donadio, Esq., State Bar No. 154436
   Kimberly J. Chu, Esq., State Bar No. 206817
3  Email:  kchu@braytonlaw.com
   BRAYTON❖PURCELL LLP
4  222 Rush Landing Road
   P.O. Box 6169
5  Telephone: (415) 898-1555
   Facsimile:  (415) 898-1247
6
   Attorneys for Plaintiffs
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | DARLENE JAMES, Individually, and as        | **Case No.**
   | Successor-in-Interest to CHARLES E.         |
12 | JAMES, Deceased; FAAGALOGALO               | **COMPLAINT FOR:  (1) RECOVERY OF**
   | FAIAIPAU, as Wrongful Death Heir, and as    | **JUDGMENT UNDER INSURANCE CODE**
13 | Successor-in-Interest to SAIPELE            | **§ 11580(B)(2); (2) RECOVERY OF**
   | FAIAIPAU, Deceased, and DARCY               | **JUDGMENT UNDER CODE OF CIVIL**
14 | FAIAIPAU and SIVAITOI GRACE FIAUI,          | **PROCEDURE § 708.210; AND (3) BREACH**
   | as Legal Heirs of SAIPELE FAIAIPAU,         | **OF IMPLIED COVENANT OF GOOD FAITH**
15 | Deceased; and ARTHUR L. LAUREY and          | **AND FAIR DEALING**
   | FRANCIS LAUREY,                             |
16 |                                             |
   |                    Plaintiffs,              | **JURY TRIAL DEMANDED**
17 |                                             |
   |         vs.                                 |
18 |                                             |
   | UNITED STATES FIDELITY AND                  |
19 | GUARANY COMPANY, and THE                    |
   | TRAVELERS COMPANIES, INC.                   |
20 |                                             |
   |                    Defendants.              |
21

22              <u>COMPLAINT</u>

23        Plaintiffs, DARLENE JAMES, FAAGALOGALO FAIAIPAU, DARCY FAIAIPAU,

24 SIVAITOI GRACE FIAUI, ARTHUR L. LAUREY and FRANCIS LAUREY (collectively,

25 "Plaintiffs") hereby assert the following complaint against Defendants, UNITED STATES

26 FIDELITY AND GUARANTY COMPANY ("USF&G") and THE TRAVELERS COMPANIES,

27 INC. ("TRAVELERS") (collectively "Defendants").

28

# NATURE OF THE ACTION

1.     This is an action for:  (1) recovery on a judgment pursuant to Insurance Code § 11580(b)(2); (2) recovery on a judgment under California Code of Civil Procedure § 708.210; and (3) breach of the implied covenant of good faith and fair dealing.  As set forth below, each of the Plaintiffs obtained a judgment against Defendants' insured—BAY DECKING COMPANY, INC. ("Bay Decking")—for damages arising from asbestos exposure, which Defendants have wrongfully refused to pay, resulting in substantial harm to Plaintiffs.

2.     In 2015, CHARLES E. JAMES and DARLENE JAMES (collectively "James Plaintiffs"), brought claims against Bay Decking for damages arising from Charles E. James's exposure to asbestos.

3.     James Plaintiffs subsequently obtained a Default Judgment of $20,539,848.00 against Bay Decking on October 26, 2016.

4.     Charles E. James passed away on February 9, 2018.  Darlene James brings this suit individually and as Successor-in-Interest to Charles E. James.

5.     In 2013, FAAGALOGALO FAIAIPAU, as Wrongful Death Heir, and as Successor-in-Interest to SAIPELE FAIAIPAU, Deceased, and DARCY FAIAIPAU and SIVAITOI GRACE FIAUI, as Wrongful Death Heirs of Saipele Faiaipau (collectively "Faiaipau Plaintiffs"), brought claims against Bay Decking for damages arising from Saipele Faiaipau's exposure to asbestos.

6.     Faiaipau Plaintiffs subsequently obtained a Default Judgment of $2,560,000.00 against Bay Decking on August 16, 2017.

7.     In 2014, ARTHUR L. LAUREY and FRANCIS LAUREY (collectively "Laurey Plaintiffs"), brought claims against Bay Decking for damages arising from Arthur L. Laurey's exposure to asbestos.

8.     Laurey Plaintiffs subsequently obtained a Default Judgment of $20,542,525.99 against Bay Decking on September 13, 2018.

///

///

///

COMPLAINT FOR:  (1) RECOVERY OF JUDGMENT UNDER INSURANCE CODE § 11580(B)(2); (2) RECOVERY OF JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 708.210; AND (3) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

9.      This action is brought on behalf of the James Plaintiffs, Faiaipau Plaintiffs, and Laurey Plaintiffs.[1]

10.     USF&G issued insurance policies to Bay Decking that covered Bay Decking during the time Plaintiffs were injured by asbestos for which Bay Decking was responsible.

11.     USF&G is a subsidiary of Travelers, and Travelers, upon information and belief, also bears responsibility for the policies issued to Bay Decking.

12.     In total, Bay Decking is liable for a total of $43,642,373.99 for all three default judgments entered on behalf of the Plaintiffs.

13.     Plaintiffs bring this action against Defendants to recover on the judgments entered against Defendants' insured, Bay Decking, and such other relief as this Court deems just and proper, pursuant to Insurance Code § 11580(b)(2), California Code of Civil Procedure § 708.210, and breach of the implied covenant of good faith and fair dealing.

## **JURISDICTION**

14.     This Court has jurisdiction pursuant to 28 USC § 1332 because, as alleged below, Plaintiffs are residents of the State of California and Arizona, and Defendant USF&G is a Connecticut corporation and Defendant Travelers is a Minnesota corporation, and the amount in controversy exceeds $75,000.

## **DIVISIONAL ASSIGNMENT AND VENUE**

15.     This case arose in San Francisco County, California and, pursuant to Rule 3-2(d) of the Local Rules of the Northern District of California, should be assigned to the San Francisco or Oakland Division of the Northern District.  Venue is proper in the United States District Court of the Northern District of California under 28 U.S.C. § 84(a) and 28 U.S.C. § 1391(b)(2), because it is the judicial district where the injury occurred.

## **THE PARTIES**

16.     Plaintiff Darlene James is an adult citizen and resident of the State of California.

---

[1] Pursuant to California Code of Civil Procedure § 686.010, concerning enforcement after death of a judgment creditor, the judgment may be enforced as provided in this title by the judgment creditor's executor or administrator or successor-in-interest.

17.   Plaintiff Faagalogalo Faiaipau is an adult citizen and resident of the State of California.

18.   Plaintiff Darcy Faiaipau is an adult citizen and resident of the State of California.

19.   Plaintiff Sivaitoi Grace Fiaui is an adult citizen and resident of the State of California.

20.   Plaintiff Arthur Laurey is an adult citizen and resident of the State of Arizona.

21.   Plaintiff Francis Laurey is an adult citizen and resident of the State of Arizona.

22.   Defendant USF&G is, and at all relevant times was, engaged in the business of selling liability insurance policies.  USF&G is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut.

23.   Defendant Travelers is, and at all relevant times was, engaged in the business of selling liability insurance policies.  Travelers is a corporation duly organized and existing under the laws of the State of Minnesota and maintaining a place of business in Hartford, Connecticut.

<u>**FACTS**</u>

**I.   THE DEFAULT JUDGMENTS AGAINST BAY DECKING**

**A.   Charles E. James's Default Judgment Against Bay Decking**

24.   For years, as a contractor, Bay Decking owned, leased, maintained, managed, and/or controlled several premises around California where Charles E. James was present.  Upon information and belief, those jobsites may have included, but are not limited to:  Bethlehem Shipyard (San Francisco, CA), Todd Shipyard (Alameda, CA), Naval Air Station (Alameda, CA), Hunters Point Naval Shipyard (San Francisco, CA), Willamette Shipyard (aka WISCO) (Richmond, CA), Southwest Marine (San Francisco, CA), Mare Island Naval Shipyard (Vallejo, CA), Triple A. Machine Shop, Hunters Point (San Francisco, CA), Service Engineering Co. (San Francisco, CA), and several United States Navy ships including FLINT (AE-32), Haleakala (AE-25), Hepburn (FF-1055), and Enterprise (CVN-65).

25.   Bay Decking caused certain asbestos-and silica-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed on each of the aforesaid premises, by their own workers and/or by

///

various contractors, and caused the release of dangerous quantities of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe condition to Charles E. James.

26.     Charles E. James was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by Bay Decking.

27.     Beginning in 1969, Charles E. James was exposed to and inhaled, ingested, or otherwise absorbed large amounts of asbestos dust or fibers emanating from asbestos or asbestos-containing products that were constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed by Bay Decking, as a result of which he suffered severe and permanent injuries.

28.     Charles E. James was diagnosed with lung cancer on or about December 2014.

29.     On February 6, 2015, Charles E. James and his wife, Darlene James, filed a complaint against Bay Decking alleging Negligence II and Loss of Consortium.

30.     James Plaintiffs submitted evidence about Charles E. James's exposure to asbestos constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed by Bay Decking, his medical condition, and his economic and their non-economic damages.

31.     On October 26, 2016, the Superior Court for the County of San Francisco entered a Notice of Default Judgment against Bay Decking, allowing James Plaintiffs to recover $20,539,848.00 in damages for the asbestos-related bodily injury suffered from exposure to asbestos and asbestos-containing products caused by Bay Decking.  The default judgment was based upon the application filed, the memoranda of points and authorities, the supporting declarations, the exhibits, and the related argument by counsel.

32.     The judgment became final and non-appealable on April 24, 2017.

33.     Charles E. James passed away on February 9, 2018.

**B.      Faiaipau Plaintiffs' Default Judgment Against Bay Decking**

34.     For years, as contractor, Bay Decking owned, leased, maintained, managed, and/or controlled several premises around California where Saipele Faiaipau was present.  Upon information and belief, those jobsites may have included, but are not limited to:  Triple A Machine Shop (Richmond, CA), various shipyards/ships, and Hunters Point Naval Shipyard (San Francisco, CA).

35.     Bay Decking caused certain asbestos- and silica-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed on each of the aforesaid premises, by their own workers and/or by various contractors, and caused the release of dangerous quantities of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe condition to Saipele Faiaipau.

36.     Saipele Faiaipau was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by Bay Decking.

37.     Beginning in 1978, Saipele Faiaipau was exposed to and inhaled, ingested, or otherwise absorbed large amounts of asbestos dust or fibers emanating from asbestos or asbestos-containing products that were constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed by Bay Decking, as a result of which he suffered severe and permanent injuries.

38.     Saipele Faiaipau was diagnosed with lung cancer on or about March 2010 and passed away on October 4, 2012.

39.     On April 10, 2013, Faiaipau Plaintiffs brought a wrongful death suit against Bay Decking and other defendants.

40.     Faiaipau Plaintiffs submitted evidence about Saipele Faiaipau's exposure to asbestos constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed by Bay Decking, his medical condition, and his economic and their non-economic damages.

41.     On August 16, 2017, the Superior Court for the County of Alameda entered a Notice of Default Judgment against Bay Decking, allowing Faiaipau Plaintiffs to recover $2,560,000 in damages for wrongful death caused by Bay Decking.  The default judgment was based upon the application filed, the memoranda of points and authorities, the supporting declarations, the exhibits, and the related argument by counsel in the Underlying Case.

42.     The judgment became final and non-appealable on February 13, 2018.

**C.     Laurey Plaintiffs' Default Judgment Against Bay Decking**

43.     For years, as a contractor, Bay Decking owned, leased, maintained, managed, and/or controlled several premises around California where Arthur L. Laurey was present.  Upon information

and belief, those jobsites may have included, but are not limited to:  Triple A Machine Shop (San Francisco, CA), Mare Island Naval Shipyard (Vallejo, CA), Bethlehem Steel, Pier 70 (San Francisco, CA), Naval Air Station (Alameda, CA), Todd Shipyard (Alameda, CA), Long Beach Naval Shipyard (Long Beach, CA), and Willamette Iron Steel (Richmond, CA), and various ships and shipyards including Flint (AE-32) and Haleakala (AE-25).

44.     Bay Decking caused certain asbestos- and silica-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed on each of the aforesaid premises, by their own workers and/or by various contractors, and caused the release of dangerous quantities of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe condition to Arthur L. Laurey.

45.     Arthur L. Laurey was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by Bay Decking.

46.     Beginning in 1973, Arthur L. Laurey was exposed to and inhaled, ingested, or otherwise absorbed large amounts of asbestos dust or fibers emanating from asbestos or asbestos-containing products that were constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed by Bay Decking, as a result of which he suffered severe and permanent injuries.

47.     On May 29, 2014, Laurey Plaintiffs filed a complaint for Negligence II and Loss of Consortium against Bay Decking and other defendants.

48.     Laurey Plaintiffs submitted evidence about Arthur L. Laurey's exposure to asbestos constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed by Bay Decking, his medical condition, and his economic and their non-economic damages.

49.     On September 13, 2018, the Superior Court for the County of San Francisco entered a Notice of Default Judgment against Bay Decking, allowing Laurey Plaintiffs to recover $20,542,525.99 in damages for the asbestos-related bodily injury suffered from exposure to asbestos and asbestos-containing products caused by Bay Decking.  The default judgment was based upon the application filed, the memoranda of points and authorities, the supporting declarations, the exhibits, and the related argument by counsel in the Underlying Case.

50.     The judgment became final and non-appealable on March 12, 2019.

**II.     BAY DECKING'S LIABILITY INSURANCE POLICIES COVERING ASBESTOS-RELATED BODILY INJURY CLAIMS AND DEFENDANTS' REFUSAL TO PAY THE DEFAULT JUDGMENTS UNDER THE POLICIES**

51.     Defendants provided Bay Decking comprehensive general liability coverage under the following policies:

| Policy Number | Insurance Company Name | Year |
|---|---|---|
| MP 022 736 880 | United States Fidelity and Guaranty Company | 1984 |
| MP 063 699 977 | United States Fidelity and Guaranty Company | 1985 |
| MP 063 714 816 | United States Fidelity and Guaranty Company | 1986 |
| CIP 076968727 | United States Fidelity and Guaranty Company | 1987 |

(collectively, the "Policies").[2]

52.     The limits of liability for the Policies were, at minimum, $600,000 in 1984, $600,000 in 1985, $1,000,000 in 1986, and $1,000,000 in 1987.

53.     Upon information and belief, Defendants also provided Bay Decking comprehensive general liability coverage for at least 1980 to 1983.

54.     Upon information and belief, all premiums due to Defendants under the Policies were paid by Bay Decking and Defendant, in consideration of premiums paid, executed, issued, and delivered the Policies to Bay Decking in California.

55.     Upon information and belief, the Policies require Defendants to pay all sums that Bay Decking becomes legally obligated to pay for bodily injury claims against Bay Decking, as long as any bodily injury within the meaning of such Policies has taken place during the policy period.

56.     Upon information and belief, Plaintiffs suffered bodily injury within the meaning of the Policies commencing upon Plaintiffs' first exposure to asbestos or asbestos-containing products constructed, installed, maintained, used, supplied, replaced, repaired, and/or removed by Bay Decking and continuing through at least the policy periods of the Policies.

57.     On March 1, 2019, and again on April 9, 2019, Defendants were notified of the Plaintiffs' complaints and the default judgments against their insured, Bay Decking.  This

---

[2] Upon information and belief, USF&G and/or Travelers may have issued additional comprehensive general liability policies to Bay Decking.

COMPLAINT FOR:  (1) RECOVERY OF JUDGMENT UNDER INSURANCE CODE § 11580(B)(2); (2) RECOVERY OF JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 708.210; AND (3) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

correspondence also indicated that Plaintiffs' claims against Bay Decking prompted Defendants' coverage duties and obligations under the Policies.

58.   To date, Defendants have not responded to Plaintiffs' tender letters.

59.   To date, no part of the default judgments has been paid or satisfied.

60.   Defendants' refusal to cover and satisfy the default judgments was unreasonable, outrageous, and not in good faith.

61.   Plaintiffs have been injured by Defendants' failure to cover and satisfy the default judgments.

**FIRST CAUSE OF ACTION**
**FOR DAMAGES UNDER INSURANCE CODE § 11580(B)(2)**

62.   Plaintiffs incorporate by reference all the allegations of paragraphs 1 through 61.

63.   Plaintiffs brought lawsuits for bodily injury against Bay Decking.

64.   Judgments for bodily injury were entered against Bay Decking and total $43,642,373.99.

65.   Bay Decking's liability under the judgments is covered by the Policies issued to Bay Decking in California by Defendant.

66.   Plaintiffs are entitled to recover against Defendants on the judgments.

**SECOND CAUSE OF ACTION**
**FOR DAMAGES UNDER CODE OF CIVIL PROCEDURE § 708.210**

67.   Plaintiffs incorporate by reference all the allegations of paragraphs 1 through 66 above.

68.   Plaintiffs are judgment creditors of Bay Decking based on the default judgments, and Bay Decking has an interest in the Policies.

69.   Defendants bear responsibility for the Policies.

70.   Plaintiffs are entitled to recover against Defendants on the judgments.

**THIRD CAUSE OF ACTION**
**FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

71.   Plaintiffs incorporate by reference all the allegations of paragraphs 1 through 70 above.

72.     By virtue of the default judgments entered in the respective Superior Courts in favor of Plaintiffs, Defendants had a duty to exercise good faith in not withholding the adjudicated damages finalized in those default judgments, and Defendants' failures to pay have been unreasonable and in bad faith, causing further damage to Plaintiffs in the form of, among other things, emotional distress, anxiety, and further legal expense.

73.     Since notice of the default judgments against Bay Decking was tendered to Defendants, Defendants have unreasonably refused and persisted in their unreasonable refusal to pay judgments against their insured.

74.     By their above-described unreasonable refusal to pay Plaintiffs the judgment amounts entered against their insured, Defendants breached the covenant of good faith and fair dealing inherent in all contracts.

75.     As a result of Defendants' conduct, Plaintiffs have suffered an ongoing loss of payments they are due, together with interest thereon, as well as consequential economic damages as a result of their loss of use of the benefits of payment to which they have been due and have not received.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment be entered against Defendants as follows:

a.     To recover $43,642,373.99 ($20,539,848.00 for the James Plaintiffs, $2,560,000 for the Faiaipau Plaintiffs, and $20,542,525.99 for the Laurey Plaintiffs), together with interest thereon at the legal rate from their respective date of entry until paid;

b.     For attorneys' fees;

c.     For costs, disbursements, and interest as permitted by law; and

d.     For such further legal and equitable relief as may be required or justified.

///

///

///

1

## **JURY DEMAND**

2

Plaintiffs hereby demand a trial by jury as to all claims in this action.

3

Dated:  June 14, 2022                                   BRAYTON❖PURCELL LLP

4

5                                                By:  _____

                                                     Alan R. Brayton, Esq.
6                                                    David R. Donadio, Esq.
                                                     Kimberly J. Chu, Esq.
7                                                    Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR:  (1) RECOVERY OF JUDGMENT UNDER INSURANCE CODE § 11580(B)(2); (2) RECOVERY OF JUDGMENT
UNDER CODE OF CIVIL PROCEDURE § 708.210; AND (3) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING